UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR TORRES ARBOLEDA, | No. 2:14-cv-0362 TLN GGH P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RICK HILL, | |
| Respondent. | |

Introduction

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. section 2254, challenging the November 8, 2011 decision by the California Board of Parole Hearings ("BPH") finding him unsuitable for parole and the BPH's application of Marsy's Law at his 2011 hearing. Pending before the court is respondent's May 5, 2014 motion to dismiss, on the grounds that the petition fails to raise cognizable federal habeas claims, arguing that: 1) petitioner's challenge of the BPH's decision finding him unsuitable for parole does not warrant federal habeas review under Swarthout v. Cooke, ---U.S. ---, 131 S. Ct. 859, 861, 178 L.Ed.2d 732 (2011); and 2) petitioner's Ex Post Facto claim should be dismissed as petitioner is a class member in Gilman v. Brown, 2:05-cv-00830-LKK-GGH, which deals with the same claim. Petitioner has filed an opposition repeating his challenge to the evidence the BPH relied upon in finding him not suitable for parole and stating that he did not object to dismissal of his Ex Post

Facto claim, to the extent he is a member of the Gilman class.  The undersigned now issues the following findings and recommendations granting respondent's motion to dismiss.

Discussion

On January 24, 2011 the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility context.  Swarthout, 131 S. Ct. at 861.  Quoting, *inter alia*, Estelle v. McGuire, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L.Ed. 385 (1991), the Supreme Court re-affirmed that "'federal habeas corpus relief does not lie for errors of state law.'"  Id.  While the high court found that the Ninth Circuit's holding that California law does not create a liberty interest in parole was a "reasonable application of our cases" (while explicitly not reviewing that holding), the Supreme Court stated:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication—and federal courts will review the application of those constitutionally required procedures.  In the context of parole, we have held that the procedures required are minimal.

Swarthout, 131 S.Ct. at 862.

Citing Greenholtz,[1] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied."  Swarthout, 131 S.Ct. at 862.  Noting their holding therein that "[t]he Constitution [ ] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied."  Id.

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry . . . ."  Swarthout, 131 S. Ct. at 862.  "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest . . . ."

---

[1]  Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16, 99 S. Ct. 2100, 60 L.Ed.2d 668 (1979).

2

Id. at 863. "No opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement." Id. at 862. The Ninth Circuit recently noted that in light of Swarthout v. Cooke, certain Ninth Circuit jurisprudence had been reversed and "there is no substantive due process right created by California's parole scheme." Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011). Thus, there is no federal due process requirement for a "some evidence" review and federal courts are precluded from review of the state court's application of its "some evidence" standard.

Petitioner raises four claims in this case: 1) the BPH relied on facts not in evidence; 2) the BPH failed to perform its statutory duty under California law; 3) the BPH's finding that petitioner was not suitable for parole was not supported by some evidence; and 4) the BPH's application of Marsy's Law at his 2011 hearing violated *ex post facto* principles.

With respect to claims one and three, petitioner is essentially challenging the some evidence used to deny him parole. For example, petitioner does not agree with the weight the BPH assigned to a prison disciplinary decision that he received. As discussed above, the evidence used to support the "some evidence" standard cannot be reviewed by this court. A review of the records attached to petitioner's brief (ECF No. 3) indicates that petitioner was represented by counsel at the hearing, had an interpreter present and both petitioner and counsel were allowed to speak and contest the evidence. These claims may not be reviewed by this court and should be dismissed.

Petitioner's second claim asserts an error under state law. Federal habeas relief is not available for such a claim. Swarthout, 131 S. Ct. at 861. As such, petitioner's second claim should be dismissed.

Petitioner's fourth claim is an ex post facto claim regarding Proposition 9 that changed California Penal Code § 3041.5(b)(2) which resulted in sometimes less-frequent parole hearings for inmates who have served enough of their sentence to be at least eligible for parole. This claim is not properly brought in habeas petition and petitioner is part of the class action, Gilman v.

/////

/////

1  Fisher, CIV–S–05–0830 LKK GGH, that is challenging Proposition 9.  Therefore his claim

2  should be dismissed without prejudice.[2]

3  Conclusion

4      Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must

5  issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A

6  certificate of appealability may issue only "if the applicant has made a substantial showing of the

7  denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons set forth in these

8  findings and recommendations, a substantial showing of the denial of a constitutional right has

9  not been made in this case.

10      Accordingly, IT IS HEREBY RECOMMENDED that:

11      1.  Respondent's motion to dismiss (ECF No. 13) be granted;

12      2.  The petition be dismissed with prejudice with the exception of the *ex post facto* claim

13          which should be dismissed without prejudice; and

14      3.  The District Court decline to issue a certificate of appealability.

15      These findings and recommendations are submitted to the United States District Judge

16  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

17  after being served with these findings and recommendations, any party may file written

18  objections with the court and serve a copy on all parties.  Such a document should be captioned

---

[2] A member of a class action seeking equitable relief cannot raise those same claims in a separate equitable action.  Crawford v. Bell, 599 F.2d 890, 892–93 (9th Cir.1979); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir.1991) ("Individual suits for injunctive relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action. To permit them would allow interference with the ongoing class action."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir.1988) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudication.").  Indeed, "[a] district court has inherent power to choose among its broad arsenal of remedies when confronted with situations where, as here, continued litigation of a matter would create undue hardship on the litigating parties, or would improvidently circumscribe the actions of another court handling a prior certified action." Crawford, 599 F.2d at 892 (quoting Tate v. Werner, 68 F.R.D. 513, 520 (E.D.Pa.1975).  Moreover, "increasing calendar congestion in the federal courts makes it imperative to avoid concurrent litigation in more than one forum whenever consistent with the rights of the parties." Id. at 892-93.  Finally, it makes little sense to adjudicate the issue under an AEDPA reasonableness standard here when the class action will proceed under a de novo review.

"Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 18, 2014

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:16/arbo0362.mtd.fr